UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAULA TRISTAN,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

No. 2:17-cv-2045-KJN

ORDER

Plaintiff Paula Tristan seeks judicial review of a final decision by the Commissioner of

Social Security ("Commissioner") denying plaintiff's claim for Disability Insurance Benefits

("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act").[1]

Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a

cross-motion for summary judgment. (ECF Nos. 14, 15.) No optional reply brief was filed. For

the reasons discussed below, the court AFFIRMS the Commissioner's final decision by granting

the Commissioner's motion for summary judgment.

      The court reviews the Commissioner's decision to determine whether (1) it is based on

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties
voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF
Nos. 7, 8.)

1

proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial

evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

responsible for determining credibility, resolving conflicts in medical testimony, and resolving

ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The

court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

In this case, the ALJ found that plaintiff suffered from severe impairments such as

cataracts, diabetic maculopathy in her left eye, myopic astigmatism, obesity, and degenerative

joint disease of the knee, and assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned
> finds that the claimant has the residual functional capacity to
> perform medium work as defined in 20 CFR 404.1567(c) and
> 416.967(c). Specifically, the claimant is limited to lifting up to 50
> pounds occasionally and 25 pounds frequently; standing or walking
> about six hours out of an eight-hour workday; and sitting for more
> than six hours out of an eight-hour workday. She can never climb
> ladders, ropes, or scaffolds. She is precluded from work in
> environments that require good bilateral vision as the claimant is
> limited in her ability to discriminate details of small objects.

(AT 31, 35.) Plaintiff's sole contention on appeal is that the ALJ improperly discounted

plaintiff's testimony concerning her symptoms and functional limitations.

In Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit Court of

Appeals summarized the ALJ's task with respect to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective
> pain or symptoms is credible, an ALJ must engage in a two-step
> analysis. First, the ALJ must determine whether the claimant has
> presented objective medical evidence of an underlying impairment
> which could reasonably be expected to produce the pain or other
> symptoms alleged. The claimant, however, need not show that her
> impairment could reasonably be expected to cause the severity of the
> symptom she has alleged; she need only show that it could
> reasonably have caused some degree of the symptom. Thus, the ALJ

2

may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.

Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. . . .

Lingenfelter, 504 F.3d at 1035-36 (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking...." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "'[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains.'" Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id. at 959.

Here, the ALJ provided several specific, clear, and convincing reasons for discounting plaintiff's testimony regarding a disabling degree of symptoms and functional limitations.

First, the ALJ reasonably concluded that plaintiff's allegations of functional limitations beyond the RFC were inconsistent with the overwhelming weight of the treatment records, as well as the medical and mental health opinion evidence, which supported no greater limitations than those included in the RFC. (AT 36-39.)[2]

---

[2] On appeal, plaintiff does not challenge the ALJ's assessment of the medical and mental health opinion evidence through any substantive briefing or argument. Thus, any such issue is waived. See Carmickle v. Comm'r, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

1    Second, the ALJ legitimately referenced plaintiff's conservative treatment, which

2    generally consisted of medication, dietary modification, and exercise.  (AT 37.)  See Parra v.

3    Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated that evidence of

4    conservative treatment is sufficient to discount a claimant's testimony regarding severity of an

5    impairment").

6    Third, the ALJ properly found that plaintiff's daily activities were inconsistent with her

7    allegations of disability.  (AT 36.)  "While a claimant need not vegetate in a dark room in order to

8    be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports

9    participation in everyday activities indicating capacities that are transferable to a work

10   setting….Even where those activities suggest some difficulty functioning, they may be grounds

11   for discrediting the claimant's testimony to the extent that they contradict claims of a totally

12   debilitating impairment."  Molina, 674 F.3d at 1112-13 (citations and quotation marks omitted);

13   see also Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ properly considered

14   claimant's ability to care for her own needs, cook, clean, shop, interact with her nephew and

15   boyfriend, and manage her finances and those of her nephew in the credibility analysis); Morgan

16   v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ's determination regarding

17   claimant's ability to "fix meals, do laundry, work in the yard, and occasionally care for his

18   friend's child" was a specific finding sufficient to discredit the claimant's credibility).  Here,

19   plaintiff acknowledged that she could manage her personal care, cook, mop, vacuum, and take

20   public transportation if needed.  (AT 34, 36, 387, 454.)  Notably, plaintiff also testified that she

21   took care of her ill mother "full time, around the clock" for a portion of the relevant period.  (AT

22   51-52.)

23   To be sure, the record also contains some contrary evidence, suggesting that plaintiff's

24   activities were more limited.  However, it is the function of the ALJ to resolve any ambiguities,

25   and the court finds the ALJ's assessment to be reasonable and supported by substantial evidence.

26   See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (affirming ALJ's credibility

27   determination even where the claimant's testimony was somewhat equivocal about how regularly

28   she was able to keep up with all of the activities and noting that the ALJ's interpretation "may not

be the only reasonable one"). As the Ninth Circuit explained:

> It may well be that a different judge, evaluating the same evidence, would have found [the claimant's] allegations of disabling pain credible. But, as we reiterate in nearly every case where we are called upon to review a denial of benefits, we are not triers of fact. Credibility determinations are the province of the ALJ...Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.

Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

In sum, the court concludes that the ALJ's credibility evaluation was supported by the record and by the proper analysis.

Consequently, the ALJ's decision was free from prejudicial error and supported by substantial evidence in the record as a whole.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is GRANTED.

3. The final decision of the Commissioner is AFFIRMED.

4. The Clerk of Court shall close this case.

Dated: November 13, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE